FILED

February 21 2012

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 11-0204

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2012 MT 41N

IN RE THE MARRIAGE OF:

DANA LEIGH ALDERSON,

        Petitioner and Appellee,

  and

E. BRAD BARGMEYER,

        Respondent and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DR 08-629
Honorable Robert L. Deschamps, III, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Monte Jewell; Monte Jewell, P.C., Missoula, Montana

        For Appellee:

            Torrance L. Coburn; Tipp & Buley, P.C., Missoula, Montana

Submitted on Briefs:  December 21, 2011

Decided:  February 21, 2012

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Brad Bargmeyer appeals from the February 18, 2011 final judgment entered in the dissolution of the parties' marriage. The District Court originally referred the dissolution action to its Standing Master, who entered Findings of Fact and Conclusions of Law in September, 2009. Dana objected to the Standing Master's Findings, primarily upon the ground that the decision inequitably distributed the parties' marital debt in favor of Brad. Upon review of the Standing Master's decision, the District Court considered the parties' arguments along with a market value analysis of the parties' primary assets, two parcels of real property. These parcels are referred to as the Stoddard (Brad's premarital) and Stevensville (Dana's premarital) properties, which were distributed respectively to Brad and Dana. In July, 2010, the District Court concluded that the Standing Master's proposed property distribution was inequitable to Dana because she was left with a disproportionate share of the marital debt. To equalize the marital debt, the District Court ordered Brad to pay $50,000 toward the debt owed on the Stevensville property where Dana lived with her children, and ordered Dana to pay her own substantial credit card debt.

¶3 Brad did not pay the $50,000 as ordered, but instead paid the monthly mortgage payments on the Stevensville property. Both parties moved for further relief and, in January, 2011, the District Court denied Brad's request for a dollar-for-dollar credit against the $50,000 for the mortgage payments. The District Court determined that the only solution to the parties' "financial dilemma" was the sale of one or both of the parcels of real property. Since the debt on the Stevensville property exceeded its value, the District Court determined that the Stoddard property should be sold to realize its $110,000 value. The District Court ordered Brad to sell the Stoddard property to comply with the prior order and to continue paying the mortgage on the Stevensville property until the amount owed on that mortgage was reduced by $50,000.[1] The District Court also noted that Brad had other assets including tools, guns and an IRA that were independently worth approximately the amount owed to Dana.

¶4 On appeal Brad argues that the District Court abused its discretion by ordering him to liquidate assets to achieve an equitable property division, and in requiring him to continue to pay the Stevensville property mortgage until the debt to Dana is satisfied.

¶5 Section 40-4-202(1), MCA, controls the division of property in a dissolution of marriage, requiring the district court to equitably apportion the property and assets. *In re the Marriage of Kessler*, 2011 MT 54, ¶ 23, 359 Mont. 419, 251 P.3d 147. Here the parties were deeply in debt at the time of dissolution, including credit card debt and mortgages on the Stevensville property. Brad's Stoddard property was free of debt and

---

[1] The District Court gave Brad the alternative option of refinancing the Stoddard property to use the proceeds to reduce the principal on the Stevensville property.

was worth more than its purchase price, in part because a prior mortgage on the property had been satisfied by a re-financing that added the debt to the Stevensville property. Because of this and other debt added to the Stevensville property, there was more debt on it than the property was worth.

¶6     Section 40-4-202(1), MCA, is based upon the express premise that the district court shall equitably apportion the property and assets belonging to either party, whenever acquired. District Courts have broad discretion to achieve this equitable distribution. *In re the Marriage of Funk*, 2012 MT 14, ¶ 13, 363 Mont. 352, ___ P.3d ___. The District Court properly concluded that the Standing Master's decision inequitably apportioned the marital debt to Dana. Equity required that Dana's debt on the Stevensville property be reduced, and Brad owns the Stoddard property free of debt. According to evidence presented to the District Court, Brad could sell or mortgage the Stoddard property to raise the amount he owes to Dana and still make a profit from the transaction. While Brad argues against the equity of selling his tools, there was more than sufficient value in the Stoddard property to allow him to sell it without having to liquidate the tools. We find no abuse of discretion in the District Court's order that he do so.

¶7     Brad also argues that he should be entitled to a full credit against the debt to Dana for the total of the mortgage payments he has made on the Stevensville property. However, since a large portion of those payments goes to interest and not to the reduction of the underlying debt, allowing full credit would do nothing to equalize the distribution

4

of the marital debt.  Brad should receive credit, however, for the amount the principal has been reduced by the payments he has made.

¶8      We have determined to decide this case pursuant to Section 1, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The issues in this case are ones of judicial discretion and there clearly was not an abuse of discretion.

¶9      Affirmed.

/S/ MIKE McGRATH

We concur:

/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ BETH BAKER
/S/ MICHAEL E WHEAT